# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| OLGA RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3728 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is Plaintiff Olga Rodriguez's motion to remand (Dkt. 4) and Defendant State Farm Lloyd's response (Dkt. 5). Plaintiff did not file a reply to Defendant's response. Having considered the motion, response, and applicable law, the court finds that Plaintiff's motion should be **DENIED**.

## I. BACKGROUND

Plaintiff sued Defendant on August 23, 2019, in the 164th Judicial District Court of Harris County, Texas, under Cause No. 2019-59536. *See* Dkt. 1-3, Ex. B-2 (Plaintiff's Original Petition) ("Pet."). Plaintiff alleges that "Defendant improperly denied and/or underpaid the claim." Pet. ¶ 13. Plaintiff brings claims of breach of contract and various violations of the Texas Insurance Code—including prompt payment of claims and bad faith—seeking actual damages and attorney fees. *Id.* ¶¶ 17–33. Defendant timely removed the action to this court on September 27, 2019. Dkt. 1. Plaintiff timely seeks remand to state court. Dkt. 4.

## II. LEGAL STANDARD

Federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a)(1). "The party seeking to assert federal jurisdiction, in this case [Defendant], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

However, courts must "remain[] vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "The court looks to the face of the plaintiff's original petition to evaluate the amount in controversy." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co. (De Aguilar I)*, 11 F.3d 55, 58 (5th Cir. 1993) (citations omitted). "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . . ." *De Aguilar v. Boeing Co. (De Aguilar II)*, 47 F.3d 1404, 1411 (5th Cir. 1995).

The amount in controversy is determined at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *De Aguilar II*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970

2

F.2d 355, 356 (7th Cir. 1992) (per curiam) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938))).

### III. ANALYSIS

Plaintiff does not dispute that the parties are diverse. Dkt. 4. Instead, Plaintiff argues that remand is proper because, the "[pre-suit] demand was for $38,306.82 and it made clear that the insured would never demand an amount greater than $75,000.00," and because "Plaintiff executed a binding stipulation to ensure that the amount in controversy in this lawsuit could not and would never exceed $75,000.00." *Id.* at 1. *See also* Dkt. 4-1 (Plaintiff's Demand Letter); Dkt. 4-2 (Plaintiff's Binding Stipulation). Defendant argues that "the amount in controversy requirement was satisfied at the time . . . of removal" because "Plaintiff's petition expressly seeks damages of an amount over $200,000 but not more than $1,000,000." Dkt. 5 ¶¶ 1–2. Defendant also points out that Plaintiff's binding stipulation was executed on October 20, 2019, *after* removal, and therefore cannot defeat federal jurisdiction. *Id.* ¶ 3.

The court begins by looking at the face of the petition. *Allen*, 63 F.3d at 1336. The Petition states that "Plaintiff seeks monetary relief over $200[,]000 but not more than $1,000,000.00. Tex. R. Civ. P. 47(c)(4)." Pet. ¶ 2. This is the only portion of the petition that discusses any dollar amount. "District courts in this circuit [are] divided on whether a complaint pled under the Texas Rules of Civil Procedure may now demand a specific amount in damages." *Morales v. Allstate Texas Lloyds*, No. 5:19-CV-56, 2019 WL 4733604, at *3–4 (S.D. Tex. Sept. 19, 2019) (discussing the history of Rule 47 and finding that a specific demand would not violate the rule). Whether or not Plaintiff could have pled a specific amount of damages, Plaintiff could have cited to Rule 47(c)(2), which states that Plaintiff seeks "monetary relief of $100,000 or less." Tex. R. Civ. P. 47(c)(2). Of course, this subsection "'does not map precisely onto the $75,000 federal diversity threshold.'" *Morales*,

2019 WL 4733604, at *3 (quoting *Solares v. Allstate Vehicle & Prop. Ins. Co.*, 19-CV-27, 2019 WL 3253072, at *1 (S.D. Tex. June 11, 2019)). However, Plaintiff's election to cite a subsection providing a range of damages that even at the low end is within the federal diversity threshold, if not proof positive, is certainly proof "by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar I*, 11 F.3d at 58. Were there any doubt about Plaintiff's ability to recover more than $75,000, the court notes that Plaintiff's bad faith claim includes a claim to "exemplary and/or treble damages." Pet. ¶ 24. *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (Kent, J.) (finding that defendant proved the propriety of removal even though Plaintiff only sought $48,890.26 in property damages, because plaintiff also sought exemplary and treble damages).

Thus, to defeat federal diversity jurisdiction, "plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . . ." *De Aguilar II*, 47 F.3d at 1411. Because Plaintiff's binding stipulation was executed *after* removal, it has no legal effect. *Id.* at 1412. Moreover, Plaintiff's demand letter, although relevant, is insufficient to prove "as a matter of law" that she cannot recover damages in excess of $75,000. *Id.* at 1411. Accordingly, Plaintiff's motion must be denied.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (Dkt. 4) is **DENIED**.

Signed at Houston, Texas on November 27, 2019.

_____
Gray H. Miller
Senior United States District Judge

4